# No. _____

# In the United States Court of Appeals for the Fifth Circuit

---

IN RE TEXAS FARM BUREAU CASUALTY INSURANCE COMPANY

*Petitioner.*

---

On Petition for a Writ of Mandamus to the
U.S. District Court for the Western District of Texas in
Case No. 5:24-cv-00075, District Judge Orlando L. Garcia

---

## PETITION FOR A WRIT OF MANDAMUS

---

Cory L. Carlyle
Barry A. Moscowitz
Leslie Wong Richardson
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, Suite 2500
Dallas, Texas 75201-2832
(214) 871-8200

*Counsel for Petitioners*

## No. _____

# In the United States Court of Appeals for the Fifth Circuit

---

IN RE TEXAS FARM BUREAU CASUALTY INSURANCE COMPANY

*Petitioner.*

---

On Petition for a Writ of Mandamus to the
U.S. District Court for the Western District of Texas in
Case No. 5:24-cv-00075, District Judge Orlando L. Garcia

---

**CERTIFICATE OF INTERESTED PERSONS**

---

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5TH CIR. R. 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

| **Named Respondents-Plaintiffs** | **Respondents-Plaintiffs' Counsel** |
|---|---|
| Melody Stewart | Van Huseman |
| Eric Stewart | John Swallow |
| | Huseman Law Firm, PLLC |
| | 500 N. Water Street, Suite 1100 |
| | Corpus Christi, TX 78401 |

| **Petitioner-Defendant** | **Counsel for Petitioner-Defendant** |
|---|---|
| Texas Farm Bureau Casualty Insurance Company | Cory L. Carlyle |
| | Barry A. Moscowitz |
| Petitioner is wholly owned by Texas Farm Bureau Investment Corporation (TFBIC), a for-profit corporation; TFBIC is wholly owned by Texas Farm Bureau, a 501(c)(5) non-profit corporation. | Leslie W. Richardson |
| | THOMPSON, COE, COUSINS & IRONS, L.L.P. |
| | 700 North Pearl Street, Suite 2500 |
| | Dallas, Texas 75201-2832 |

/s/ Cory L. Carlyle
    Attorney of record for
    Petitioner *Texas Farm Bureau*
    *Casualty Insurance Company*

## STATEMENT REGARDING ORAL ARGUMENT

The facts and underlying proceedings that led to the district court denying transfer are neither legally nor factually complicated. That said, the district court's analytical focus on the discovery phase of a case while deciding a venue transfer motion presents the Court with a new wrinkle inviting new law that may benefit from discussion at oral argument.

# TABLE OF CONTENTS

*Page*

CERTIFICATE OF INTERESTED PERSONS ..........................................i

STATEMENT REGARDING ORAL ARGUMENT ................................ iii

TABLE OF CONTENTS ........................................................................iv

TABLE OF AUTHORITIES ...................................................................vi

STATEMENT OF JURISDICTION ...........................................................1

RELIEF SOUGHT...................................................................................1

ISSUE PRESENTED ...............................................................................1

STATEMENT OF THE CASE AND RELEVANT FACTS.......................2

SUMMARY OF THE ARGUMENT ........................................................4

ARGUMENT ...........................................................................................5

    A.    No other adequate means to attain relief by way of appeal in venue-transfer denials ............................................5

    B.    The district court clearly abused its discretion ......................5

        1.    The court's orders are bare denials without detail and the magistrate's hearing findings do not establish a proper exercise of discretion.......................7

        2.    The court clearly abused its discretion by weighing the *Gilbert* factors only as to the discovery phase while ignoring the trial-related arguments...................8

3.     The court abused its discretion by disregarding *In re Horseshoe Entertainment*'s command to dispose of § 1404(a) motions as a top priority ..........................11

C.     The Private Interests of the Litigants Weigh in Favor of Transfer .................................................................................12

D.     The Public Factors Weigh in Favor of Transfer ...................16

CONCLUSION ..........................................................................................21

CERTIFICATE OF COMPLIANCE.........................................................22

CERTIFICATE OF SERVICE..................................................................23

# TABLE OF AUTHORITIES

*Page*

CASES

*Allen v. U.S. Dept. of Homeland Sec.,*
514 Fed. Appx. 421 (5th Cir. 2013)........................................................6

*Coleman v. Dretke,*
409 F.3d 665 (5th Cir. 2005)................................................................16

*Collins v. Am. Auto. Ins. Co.,*
230 F.2d 416 (2d Cir. 1956)................................................................17

*In re Genentech, Inc.,*
566 F.3d 1338 (Fed. Cir. 2009)...........................................................17

*Gulf Oil Corp. v. Gilbert,*
330 U.S. 501 (1947)........................................................................6, 9

*In re Horseshoe Entertainment,*
337 F.3d 429 (5th Cir. 2003)................................................................11

*Kitty Hawk Aircargo, Inc. v. Chao,*
418 F.3d 453 (5th Cir. 2005)................................................................16

*Piper Aircraft Co. v. Reyno,*
454 U.S. 235 (1981)............................................................................9

*In re Planned Parenthood,*
52 F.4th 625 (5th Cir. 2022)................................................................10

*In re Radmax,*
720 F.3d 285 (5th Cir. 2013)...........................................................14, 15

*Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.,*
549 U.S. 422 (2007)...........................................................................10

*Telfair v. Zim Israel Nav. Co.,*
428 F.2d 127 (5th Cir. 1970)................................................................19

*In re TikTok, Inc.,*
    85 F.4th 352 (5th Cir. 2023) ....................................................... 11, 12

*Van Dusen v. Barrack,*
    376 U.S. 612 (1964) ............................................................................ 9

*In re Volkswagen AG,*
    371 F.3d 201 (5th Cir. 2004) (per curiam) ........................................ 14

*In re Volkswagen of Am., Inc.,*
    545 F.3d 304 (5th Cir. 2008) (en banc) .................................... 5, 7, 11

## STATUTES

28 U.S.C. § 1391 ..................................................................................... 6

28 U.S.C. § 1404(a) ................................................................................ 6

28 U.S.C. § 1651 ..................................................................................... 1

42 U.S.C. § 2000e-5(f)(3) ...................................................................... 6

## RULES

FED. R. CIV. P. 45(c) ............................................................................. 13

## OTHER AUTHORITIES

Calendar Year 2024 Statistical Public Report, available at
    https://www.txwd.uscourts.gov/wp-
    content/uploads/District%20Statistics/2024/Calendar%20Year%2020
    24%20Statistical%20Public%20Report.pdf?_wpnonce=d0a0633e7a. 16

Order Assigning the Business of the Court as it Relates to Patent
    Cases, available at https://www.txwd.uscourts.gov/wp-
    content/uploads/2024/05/Order-re-Patent-Cases-05302024.pdf (W.D.
    Tex. May 30, 2024) ........................................................................... 18

## STATEMENT OF JURISDICTION

This Court derives its jurisdiction over this petition for writ of mandamus from the All Writs Act, 28 U.S.C. § 1651.

## RELIEF SOUGHT

Petitioner requests the Court issue a writ of mandamus directing the district court to transfer venue of this case from the San Antonio Division of the Western District of Texas to the Waco Division of the Western District of Texas.

## ISSUE PRESENTED

Whether the district court clearly abused its discretion by adopting—without modification—a magistrate judge's order that

(1) failed to consider all relevant venue-transfer factors

(2) evaluated the venue transfer factors it did consider as they related to the discovery phase, not trial; and

(3) failed to properly weigh the venue transfer factors when

    a. all events leading to this Title VII case against Petitioner occurred in Waco;

    b. Petitioner's business is in Waco and Petition maintains all relevant records there;

c. the relevant party witnesses reside in Waco and those who do not moved after this litigation started; and

d. the district court's findings included "I think you've shown it would be more convenient in Waco," "I can see the argument that the relationship to San Antonio is weaker than is often the case," and "It certainly is a little bit more convenient [in Waco]."

## STATEMENT OF THE CASE AND RELEVANT FACTS

Respondents-Plaintiffs filed this case in January 2024. A.9.[1] In April 2024, Petitioner timely moved to transfer venue, a matter the district court referred to a magistrate judge. A.61. After an August 2024 hearing, the magistrate denied the motion without prejudice. A.208. Petitioner timely filed objections, A.210, Respondents-Plaintiffs responded, A.222, and Petitioner replied, A.239, all before the end of September 2024. The district court did not act. Petitioner requested the court rule on its objections in April 2025, A.308. The district court

---

[1] All citations to pages of an ECF document are to the page numbers in the electronically generated header created by the ECF system. Citations in the form "A.__" are to the pages of the Appendix of Exhibits filed in support of this Petition.

affirmed the magistrate's order on May 9, 2025, with no new analysis and no discussion. A.311.

In their complaint in this Title VII case, Respondents-Plaintiffs tell the Court what it needs to know: "all or substantially all [] relevant events occurred in Waco, Texas." A.9 (¶¶1–2). Respondents-Plaintiffs are a married couple who both worked as attorneys for Petitioner in Waco. Melody claims she was passed over for a promotion. A.14–15. Eric was later terminated for insubordination, and Melody left on her own about a year after that. A.18.

Respondents-Plaintiffs' employment with Petitioner was always in Waco. A.218. All actions leading up to this lawsuit took place in Waco. A.218. Petitioner has its principal place of business in Waco. A.218. Every party witness lives in Waco or nearby except those who have moved since the case was filed. A.65, 215–16. Respondents-Plaintiffs claimed at the hearing Melody had moved to Chicago for work since they brought this suit but this fact was not supported by a pleading or evidence. A.270, 272, 280.

Despite all venue facts pointing to Waco, Respondents-Plaintiffs brought this case in the San Antonio Division of the Western District of Texas instead of the Waco Division.

## SUMMARY OF THE ARGUMENT

At the hearing on the motion to transfer, the court centered its analysis of the transfer factors around the fact that the case was pre-trial and that discovery and other pre-trial matters could be conducted anywhere. The court even said Petitioner could refile the motion to transfer closer to trial, "after resolution of dispositive motions." But that adds strain to the judicial system, it doesn't reduce it, and misses the analytical mark. The venue transfer analysis is ultimately about the most convenient place to try the case; it has never been about the discovery phase, or parsing out the timeframe when one venue becomes clearly more convenient over another. It's about trial.

To compound matters, Respondents-Plaintiffs relied on post-filing facts to justify keeping this case in the San Antonio Division: they rely on a claim that Melody moved to Chicago for work, though all events happened in Waco. And they rely on three potential witnesses who worked in Waco at the times relevant to the suit but who now live in San

Antonio, Katy, and Richmond, Texas as support for keeping the case in San Antonio.

Relying on these facts led to analytical missteps that demonstrate a clear abuse its discretion in denying the venue transfer motion for purposes of conducting discovery in the San Antonio Division.

## ARGUMENT

### A.    *No other adequate means to attain relief by way of appeal in venue-transfer denials*

Petitioner has no other adequate means to attain relief from the district court's improper transfer order by way of appeal because it could not show it would have won had the case been tried in a convenient venue. *See In re Volkswagen of Am., Inc.*, ("*Volkswagen II*"), 545 F.3d 304, 318–19 (5th Cir. 2008) (en banc). The harm—inconvenience to witnesses, parties, and others—will already have been done and the prejudice could not be undone. *Id.* Thus, in this motion to transfer venue case, the writ "is not here used as a substitute for an appeal, as an appeal will provide no remedy for a patently erroneous failure to transfer venue." *Id.*

### B.    *The district court clearly abused its discretion*

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district

5

or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). There is no dispute that the Waco Division was a venue where the case "might have been brought." *See* 28 U.S.C. § 1404(a); 42 U.S.C. § 2000e-5(f)(3) ("action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed").[2]

This Court weighs the private and public interest factors set forth in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). A motion to transfer venue pursuant to § 1404(a) should be granted if the movant demonstrates that the transferee venue is clearly more convenient, taking into consideration (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive; (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at

---

[2] In Title VII cases, § 2000e-5(f)(3) "displaces the general venue provision set out in 28 U.S.C. § 1391." *Allen v. U.S. Dept. of Homeland Sec.*, 514 Fed. Appx. 421, 422 (5th Cir. 2013).

home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law. *Volkswagen II,* 545 F.3d at 315.

The first four factors are called the "private factors" and the later four are called the "public factors."

### 1. *The court's orders are bare denials without detail and the magistrate's hearing findings do not establish a proper exercise of discretion*

The magistrate's order states only that it denied the motion to transfer venue "[f]or the reasons stated on the record at the August 16 hearing." A.208. At the hearing, the magistrate did not address each factor in specific findings, instead limiting its findings to just a few of the eight factors. While not all factors apply in every case, and no one is dispositive, the parties discussed more factors than the court addressed in any portion of the hearing that could be called "findings." In any event, the factors the magistrate did discuss do not establish a proper foundation for its decision because they rely only on the discovery phase and ignore the trial-focused *Gilbert* factors, as discussed below. The district court did not elaborate in its order affirming the magistrate's order. A.311.

7

2.  *The court clearly abused its discretion by weighing the* Gilbert *factors only as to the discovery phase while ignoring the trial-related arguments*

The court noted Petitioners had "shown it would be more convenient in Waco" and that maybe "there's room I think for somebody to decide that you've clearly shown it. There's room I think for somebody to decide that it's not clearly shown." A.286. The court then shifted gears, noting that "for the initial phase of this case there's going to be discovery." A.286.

The court said most of document discovery would be electronic and that depositions could be remote or live in Waco, finding this to be a "close call or maybe just a nonfactor." A.286. The court said the Waco court "is extremely congested" but supported its conclusion that congestion in Waco was important by noting that discovery had "stalled," suggesting the parties could "[t]ake care of discovery here. And if it gets to a point where its going to shift from a pretrial phase into a trial phase, you could file your motion again." A.286.

The court clearly omitted considering trial-related factors: "And then your concerns about a jury, your concerns about all that can be reassessed once there's a better idea about who actually would be called

to testify and, you know, all of the sort of the trial-related concerns would be front and center." A.287.

This was incorrect and not tethered to the law on venue transfer in any way. *Gilbert* itself focuses on trial:

- "The court will weigh relative advantages and obstacles to a fair trial." 330 U.S. at 508.

- "Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Id.* at 508–09.

- "In cases which touch the affairs of many persons, there is reason for holding the trial in their view. . . ." *Id.* at 509.

- "There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case . . . ." *Id.*

- And the *Gilbert* factors direct the court to consider witness attendance *at the trial* as well as "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.*

*Gilbert* and its progeny have never shifted focus to discovery to create split analyses, one for the discovery phase and one for the trial phase. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981) ("Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference."); *Van Dusen v. Barrack*, 376 U.S. 612, 639, 644–45 (1964)

(discussing which state's law would apply at the trial of a transferred case); *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 425 (2007) (holding that a court need not resolve subject-matter or personal jurisdiction questions before addressing *forum non conveniens* to determine "a foreign tribunal is plainly the more suitable arbiter of the *merits of the case*") (emphasis added).

Nor has the venue-transfer analysis ever required two separate rounds of venue-transfer motion practice if discovery can be conducted in a less-convenient-but-otherwise-proper venue, even though a court may foresee trial would be clearly more convenient in another venue. And the law does not require parties to wait until a late phase in the case to move to transfer; to the contrary, courts have repeatedly emphasized earlier filing for venue transfer and have denied transfer because a party waited too long. *See, e.g.*, *In re Planned Parenthood*, 52 F.4th 625, 631 (5th Cir. 2022).

This Court's holding in *Volkswagen II* also demonstrates the focus on trial. There, the Court held that a post-trial appeal from venue-transfer denial would always fail because the party could not show it would have won had the case been tried in a convenient venue. *See*

10

*Volkswagen II*, 545 F.3d at 318–19. The harm would be done and the prejudice could not be undone. *Id.* This analysis demonstrates the courts' consistent focus in venue-transfer as it relates to a trial.

The court here created a new venue transfer analysis, unsupported by case law, and by doing so, clearly abused its discretion.

> 3. *The court abused its discretion by disregarding* In re Horseshoe Entertainment's *command to dispose of § 1404(a) motions as a top priority*

This court has stated and reiterated that § 1404(a) motions take "top priority in the handling of a case." *In re TikTok, Inc.*, 85 F.4th 352, 362–63 (5th Cir. 2023) (quoting *In re Horseshoe Entertainment*, 337 F.3d 429, 433 (5th Cir. 2003)). As noted, the magistrate judge did not hear Petitioner's venue-transfer motion until 4 months after it was filed, and, despite timely objections and responses, it wasn't until after Petitioner moved the district judge to rule on its objections that the court ruled, another 9 months later. Trial is set for November 2025. A.6.

Any delay in the transfer decision has come from the district court, not Petitioner, and as this Court has held, it would be an abuse of discretion for the district court to rely on delay to deny the motion. To the extent the district court relied on delay without an explanation for it—

11

which is unknown given the lack of detail in the order—that was a clear abuse of discretion. *See In re TikTok, Inc.*, 85 F.4th at 363.

## C.     *The Private Interests of the Litigants Weigh in Favor of Transfer*

The first four "private factors" relate to the case and the parties but because the court weighed them in view of discovery, simply relating what the court did demonstrates the clear abuse of discretion.

*Relative ease of access to sources of proof.* The court suggested the availability of proof, which was either electronic or available by deposition, weighed in favor of keeping the discovery portion of the case in San Antonio. A.290 ("at least at this phase of the case there's plenty of access to the evidence"). Petitioner's counsel noted witness testimony was in Waco and that this factor weighed "entirely towards Waco," properly considering the trial posture of the case. A.257. But the court shifted focus back to the discovery phase and noted the ease of Zoom depositions while Petitioner expressed its preference for in-person depositions. A.257–259. The court concluded "at this phase of the case there's plenty of access to the evidence." A.290.

And in closing, the court noted a refiled motion to transfer would be better because then there would be "a better idea about who actually

would be called to testify." A.287.[3] This focus on discovery misses the mark, as the trial witnesses would be appearing live for trial, making consideration of Zoom deposition testimony irrelevant. By not considering this factor in light of the trial—where witnesses will appear in person—the trial court could not assign a proper weight to this factor. This led to a clear abuse of discretion.

In any event, as to trial, the factor weighs in favor of Waco, given that the party witnesses are there.

*Availability of compulsory process to secure the attendance of witnesses.* As to compulsory process, a judge in the San Antonio division would not have subpoena power over witnesses in Waco. *See* FED. R. CIV. P. 45(c). The Court did not address this factor in findings though counsel for Petitioner raised it. A.258–259. Though compulsory process does not appear necessary yet, it may arise as a factor as time proceeds. This factor is neutral as to trial.

---

[3] The court's statement, A.259, seems to indicate a level of credit towards Petitioner's arguments that the testimony of next to none of these witnesses—whose names appeared in Respondents' Response, A.71–73—would be relevant.

*Cost of attendance for willing witnesses.* The court's focus on the discovery phase—where a deposition could occur by Zoom—undermined the relevant focus on this factor. A.290. The court gave no consideration to the costs of taking witnesses away from their homes in Waco to San Antonio, where they would be required to spend one night at least. And that's only if the trial timing worked out.

Petitioner's counsel noted that the key witnesses who attended the meetings or who are privy to the information underlying the decisions at issue are in Waco, A.258–259, and that the other witnesses outside Waco would have less to say about Respondents-Plaintiffs' claims, if anything.

Because the court focused on the reduced cost of Zoom depositions as opposed to the relevant considerations of travel, lodging, and time away from home for trial, the court clearly abused its discretion. As to trial, this factor weighs heavily for transfer to Waco.

And in any event, Waco is some 180 miles from San Antonio, well above this Circuit's 100-mile threshold for increasing witness inconvenience. *See In re Radmax*, 720 F.3d 285, 288–89 (5th Cir. 2013) (citing *In re Volkswagen AG*, 371 F.3d 201, 204–205 (5th Cir. 2004) (per curiam) ("*Volkswagen I*")). The witness inconvenience in this matter,

where the situs of the relevant actions, witnesses, and evidence are greater than 100 miles, is nearly three times what this Court noted to be enough to weigh in favor of transfer in *Radmax. See id.*

*All other practical problems that make trial of a case easy, expeditious, and inexpensive.* As noted, the court's focus on the convenience of conducting discovery in the San Antonio Division kept it from considering any trial-related factors. The parties discussed the fact that San Antonio has an international airport and Waco does not, but the court did not mention any reliance on it. The court did not consider any other practical problems. This failure to do so was a clear abuse of discretion. The benefit of an airport to the litigation has only arisen due to unilateral post-complaint actions by plaintiffs and other witnesses.

\*                    \*                    \*

In sum, the court considered the private factors in light of the discovery phase and not trial. For this reason alone, the court's findings demonstrate a clear abuse of discretion. More than that, the failure to weigh all relevant factors skewed the court's analysis, another representation of the clear abuse of discretion.

15

### D.    The Public Factors Weigh in Favor of Transfer

*Administrative difficulties flowing from court congestion.* The court's analysis on this factor is wanting. Respondents provided 2021 data on case filings. A.80. Petitioners did not provide data to the court related to this factor. Both the motion and the hearing occurred in 2024.

The court concluded the Waco Division "is extremely congested," but the data tell another story. Publicly available information shows Waco filings dropped precipitously during 2022 and 2023, both internally and as compared to San Antonio, starting in 2022:[4]

| Year | Waco | San Antonio |
|------|------|-------------|
| 2019 | +356 (56%) | +108 (5%) |
| 2020 | +329 (33%) | -167 (-8%) |
| 2021 | +209 (16%) | -228 (-12%) |

---

[4] Calendar Year 2024 Statistical Public Report, available at https://www.txwd.uscourts.gov/wp-content/uploads/District%20Statistics/2024/Calendar%20Year%202024%20Statistical%20Public%20Report.pdf?_wpnonce=d0a0633e7a.

Though not included in the record below, these statistics appear on the court website, are appropriate for judicial notice, and Petitioner requests the Court take notice of them. *See Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (state agency website*); Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) (judicial notice of approval by the National Mediation Board published on the agency's website).

| 2022 | -104 (-7%) | +250 (15%) |
| 2023 | -406 (-29%) | +128 (7%) |
| 2024 | -208 (-20%) | -161 (-8%) |

In any event, court congestion has been called "the most speculative, *see Collins v. Am. Auto. Ins. Co.,* 230 F.2d 416, 419 (2d Cir. 1956), and case-disposition statistics may not always tell the whole story." *See In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). Notably, the district court made no apparent consideration of the COVID-19-related effects on these numbers, and looked only to some disposition numbers during the heart of the pandemic-caused court slowdown that cannot have been relevant in late 2024 when the court heard the motion.

The court did discuss some patent-related congestion in the Waco Division, but there is nothing in the record to support how that affected the Waco Division's docket or how it compared to San Antonio docket movement or time to trial. A.254–256. There was discussion of how many motions each division had pending longer than six months and how many civil cases were pending longer than three years. A.274–275. But these two statistics, without more context than the short "status description" the court gives to explain why the case is where it is, are untethered from

meaning. *See* A.90, 140 (Exhibits to Respondents Response). They did not provide the court a sufficient basis to even compare the two courts.

Finally, nearly three months before the magistrate's transfer hearing and nearly a year before the district judge's order, the Western District issued a May 30, 2024 order assigning new civil cases involving patents randomly among twelve Western District judges, including the district judge who ultimately denied transfer here. *See* Order Assigning the Business of the Court as it Relates to Patent Cases, available at https://www.txwd.uscourts.gov/wp-content/uploads/2024/05/Order-re-Patent-Cases-05302024.pdf (W.D. Tex. May 30, 2024). The magistrate should have been aware of the order and the district judge—a named transferee of these cases in the order—could not have been unaware that the congestion factor related to patent cases in the Waco Division had changed from the discussion at the hearing.

This is important because the magistrate emphasized the congestion factor most in explaining denying transfer: the court held the view that discovery had "stalled" and that the San Antonio Division was in a better place to move the case through that phase than the Waco

Division due to congestion and an "administrative log jam there." A.286, 290.

By giving inordinate weight to this already speculative factor and by not considering the entire picture of docket congestion in Waco, including the year-old reassignment order for patent cases out of the Waco Division, the court clearly abused its discretion. The factor appears to be nearly neutral in the trial analysis.

*The local interest in having localized interests decided at home.* The court specifically stated: "To the extent there are local interests, those aren't at issue when we're doing discovery, you know." A.290. Failing to weigh this factor either for or against transfer due to the phase of the case meant the court did not include it in any balancing. Failing to exercise discretion in weighing this factor is an abuse of discretion in and of itself. *See Telfair v. Zim Israel Nav. Co.*, 428 F.2d 127, 128 (5th Cir. 1970) (noting "longstanding" precedent that "a failure to exercise discretion, or an abuse of it, may be corrected"). The court's refusal to consider this factor because it related only to trial and not to discovery was an abuse of discretion.

And this factor weighs heavily in favor of having a Waco Division jury decide this case, which occurred in Waco and involved Waco plaintiffs and a Waco defendant.

*The final two factors.* Both of the last two factors relate to what the parties agree are irrelevant considerations, the former being the forum court's familiarity with the law and the latter being avoiding unnecessary conflict of laws problems or problems related to foreign laws.

\*                    \*                    \*

In the final analysis, the court weighed only a few factors, improperly weighed them by considering only the discovery phase, and ignored other factors it should not have ignored had it correctly looked beyond the discovery phase of the case to trial. Three factors weigh in favor of Waco: ease of access to sources of proof, the cost of attending trial, and having local interests decided locally. Three others are neutral: availability of compulsory process, court congestion, and the catch-all "all other factors." Given this clear balance in favor of Waco, transfer to the Waco Division is the only appropriate answer here and the court clearly abused its discretion in not transferring the case.

## CONCLUSION

Because Petitioner has no adequate means to attain relief by appeal and the district court clearly abused its discretion in evaluating the *Gilbert* venue-transfer factors, Petitioner requests this Court issue a writ of mandamus directing the district court to transfer this case to the United States District Court for the Western District of Texas, Waco Division.

Respectfully submitted,

By: */s/ Cory L. Carlyle*

CORY L. CARLYLE
BARRY A. MOSCOWITZ
LESLIE WONG RICHARDSON
bmoscowitz@thompsoncoe.com
**THOMPSON, COE, COUSINS &
IRONS, L.L.P.**
Plaza of the Americas,
Twenty-Fifth Floor
700 North Pearl Street
Dallas, Texas 75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209

*Counsel for Petitioner Texas Farm
Bureau Casualty Insurance
Company*

## CERTIFICATE OF COMPLIANCE

I certify that this petition complies with the word count limitation of Federal Rule of Appellate Procedure 21(d) because it contains 4,089 words (as determined by the Microsoft Word word-processing system used to prepare this petition). I further certify that this petition complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using a Microsoft Word word-processing system in 14-point Century Schoolbook.

*/s/ Cory L. Carlyle*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 18, 2025, the foregoing document was filed with the Clerk of the United States Court of Appeals for the Fifth Circuit and served to all parties using the CM/ECF system with a copy and that I have provided the district judge with a copy.

Attorneys for Respondents-Plaintiffs

HUSEMAN LAW FIRM, PLLC
Van Huseman
John Swallow
500 N. Water Street, Suite 1100
Corpus Christi, TX 78401
Telephone: 361-883-3563
Facsimile: 361-883-0210
vhuseman@husemanlawfirm.com
jswallow@husemanlawfirm.com

District Court Judge

The Honorable Orlando Garcia
United States District Court
for the Western District of Texas
262 West Nueva Street
San Antonio, TX 78207

*/s/ Cory L. Carlyle*